In the Matter of Robert E. SAINT.

No. 49S00–0110–DI–447.

Supreme Court of Indiana.

April 3, 2003.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the stipulated facts presented by the parties regarding the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** The respondent represented the father in a custody matter. Previously, in 1996, the court had changed custody from the father to the mother. Subsequently, as the custody dispute continued, the father sought mental health records of the mother and children. The court ordered the records produced and issued a protective order prohibiting the disclosure of the contents of the records.

On June 18, 1999, the respondent filed an Ind.Trial Rule 60(B) motion to set aside the 1996 custody order, alleging the mother procured the order by fraud. The respondent alleged that a mental health counselor had forged the name of a clinical psychologist to reports favorable to the mother. These reports were then presented to the court-appointed psychological evaluator in 1996. On June 18, 1999, the respondent traveled from Indianapolis to Rochester, Fulton County, on his way to file the T.R. 60(B) motion in Miami County. In Rochester, the respondent delivered a copy of the motion to the special judge hearing the case. Outside of the presence of the mother or her attorney, the respondent communicated with the judge about the substantive content of the Ind.Trial Rule 60(B) motion. The disciplinary sanction imposed against the judge is reported at *Matter of Morton,* 770 N.E.2d 827 (Ind.2002).

**Violations:** The respondent violated Ind. Professional Conduct Rule 3.5(b), which prohibits an attorney from communicating *ex parte* with a judge except as permitted by law.

For the misconduct found herein, this Court now finds that the respondent should be reprimanded and admonished for the misconduct set forth herein.

Costs of this proceeding are assessed against the respondent. The Clerk of this Court is directed to provide notice of this Order in accordance with Ind. Admission and Discipline Rule 23(3)(d).

All Justices concur.