**In the Matter of Richard P. BATESKY, Jr.**

**No. 49S00–0101–DI–46.**

Supreme Court of Indiana.

April 3, 2003.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action*, we find that the respondent engaged in attorney misconduct.

**Facts:** A client hired the respondent to handle a personal injury claim. The respondent settled the client's claim and deposited the proceeds in his trust account. The respondent left earned fees in the trust account and also made withdrawals from the trust account for personal ex-

penses via checks payable to cash and debit card and ATM transactions. As a result, for a short period of time the balance in the trust account was not sufficient to pay money owed to the client's health care providers. Further, the respondent also failed timely to pay the client's health care providers as set forth in the settlement statement provided to the client. When the respondent paid the health care providers, he represented to them that their funds had always been securely held in his trust account, despite the fact the account balance was below that needed to satisfy all claims against it.

**Violations:** The respondent violated Ind. Professional Conduct Rule 1.15(a), which prohibits an attorney from commingling his own property with that of a client or third persons; Prof.Cond.R. 1.15(b), which requires an attorney promptly to deliver funds owed to a third party; Prof.Cond.R. 4.1(a), which prohibits an attorney from making a false statement of material fact to a third person; and Ind. Admission and Discipline Rule 23, Section 29(a)(5), which requires that withdrawals from a trust account have written authorization and not be made by check payable to "cash".

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of one hundred eighty (180) days, effective May 5, 2003, with automatic reinstatement. The first thirty (30) days of the suspension shall be served and the remaining one hundred fifty (150) days of the suspension are stayed on the condition the respondent, for one (1) year, submit to the Disciplinary Commission monthly audits of his trust account by a Certified Public Accountant. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Su-

preme Court Disciplinary Commission, to the hearing officer, Wayne A. Sturtevant, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.

BOEHM, J., concurs, but believes the sanction excessive.