### In the Matter of Richard Philip BATESKY, Jr.

### No. 49S00–0101–DI–46.

Supreme Court of Indiana.

Oct. 10, 2003.

### *ORDER DENYING MOTION TO REVOKE PROBATION*

On April 3, 2003, this Court suspended the respondent for a period of 180 days, beginning May 5, 2003, with the final 150 days of that suspension stayed to a one-year period of probation, the terms of which provided that the respondent was to submit to the Disciplinary Commission monthly audits of his trust account by a certified public accountant. *Matter of Batesky,* 785 N.E.2d 1101 (Ind.2003). The Disciplinary Commission now moves this Court to revoke the respondent's probation, therein stating that the respondent failed timely to file audit reports of his trust account for the months of July and August and that the respondent caused to be filed on behalf of a client a civil complaint signed by the respondent during the active period of his suspension. The respondent has responded, therein admitting that he failed timely to file the audit reports required as terms of his probation but stating that the reason for his untimeliness was his failure to ensure that bookkeeping records were available in time for the audits to be produced. On August 29, 2003, the respondent filed his first report. He states further that he signed the pleadings on behalf of the client prior to the effective date of his suspension, that the client had been advised that the case was in the hands of another attorney during the period of the respondent's suspension, and that his office staff merely caused the pleading to be filed during the period of his suspension.

Upon consideration of the submissions of the parties, we now find that the respondent's actions were not the product of an intent to circumvent this Court's order of suspension or the probationary terms therein, but rather were due to inadvertence and poor administration. Accordingly, we conclude that the Commission's motion to revoke the respondent's probation should be denied. We find further, however, that in light of the respondent's failure

to abide by all terms of his probation, that probation should be extended for a period of ninety days.

IT IS, THEREFORE, ORDERED that the Disciplinary Commission's motion to revoke the respondent's probation is denied.

IT IS FURTHER ORDERED that the respondent's term of probation is hereby extended an additional ninety (90) days beyond the initial term of one year.

All Justices concur.